IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| Michael K. Schofield, | * | Chapter 13 |
| | * | |
| Debtor(s), | * | Case No.   10-14110 |
| | * | |

## CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR.L.R. 3023-1**

The future earnings of the debtor(s) are submitted to the supervision and control of the court and the debtor(s) shall pay to the Trustee the sum of **$260.00** per month for months **1-60**.

The Debtor(s) shall make all future monthly payments on time, and upon failure to do so, this case shall be dismissed without further notice or hearing by Certification of Default filed by the Chapter 13 Trustee. From the payment so received, after deduction of allowed Trustee's 10% commission, the Trustee shall make disbursements as follows:

1. Full payments in deferred cash payments of all claims entitled by priority under 11 U.S.C. § 507.

   (A) Debtor's Counsel Fees:
   - **$2,100.00** to be paid as an administrative claim then pro rata to secured creditors.

   (B) Priority Taxes:
   - NONE

   (C) Other Priority Obligations:
   - NONE

2. Pro-rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   (A) Mortgage(s):
   - NONE

   This section of the Chapter 13 Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

    (B)    Secured Vehicle Debt (cramdown) – Pro rata payments to:
- NONE

    (C)    Secured Vehicle Debt (910 car claim):
- NONE

    (D)    Other Secured Debt:
- NONE

    (E)    Secured Collateral to be Surrender:
- NONE
-

3. Subsequent to dividends to priority and secured creditors, dividends to non-priority unsecured creditors whose claims are duly proved and allowed as follows:

   **General unsecured creditors whose claims are duly proved and allowed claim on a pro-rata basis will be paid <u>$246.00</u>.**

4. If applicable, the following leases or executory contracts of the debtor(s) will be treated as follows: N/A

5. Title to the Debtor's property shall revest in the Debtor(s) on confirmation of the Chapter 13 Plan.

6. Other - Special Provisions: N/A

7. A proof of claim must be filed in order to share in distribution under the plan. Proofs of claim in duplicate shall be delivered or mailed to: David Bird, Clerk, United States Bankruptcy Court, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801.

<u>/s/Michael K. Schofield</u>                        Date: 03/09/2011
Debtor

<u>/s/Stephan J. Holfeld</u>                         Date: 03/09/2011
STEPHAN J. HOLFELD, Esquire
107 S. Main Street
Camden, DE 19934
(302) 674-5757 (Telephone)
(302) 674-5929 (Facsimile)
Attorney for Debtor(s)

## PLAN ANALYSIS

Debtor(s):    Michael K. Schofield           Chapter 13
                                             Case No. 10-14110

Prior:  NONE

Estimated Length of Chapter 13 Plan:    **60 months**

### Trustee Use

Sec. 341 Meeting Date:
Continued:
Confirmed Date:

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | | |
|---|---|---|
| A. | **TOTAL PRIORITY CLAIMS (Class One)** | |
| | 1. Unpaid Attorney Fees | $ 2,100.00 |
| | 2. Taxes | $ 0.00 |
| | 3. Other | $ 0.00 |
| B. | **TOTAL OF PAYMENTS - CURE DEFAULTS (Class Two)** | $ 0.00 |
| C. | **TOTAL OF PAYMENTS - SECURED CLAIMS (Class Three)** | $ 0.00 |
| D. | **TOTAL OF PAYMENTS - UNSECURED CLAIMS (Class Four)** | $ 11,940.00 |
| E. | **SUB-TOTAL** | $ 14,040.00 |
| F. | **TOTAL TRUSTEE'S COMPENSATION (10 % of payment)** | $ 1,560.00 |
| G. | **TOTAL DEBT & ADMINISTRATIVE EXPENSES** | $ 15,600.00 |